UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILUS M. VALSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　　Defendants. | No. 1:14-cv-01420-DAD-EPG<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, DENYING MOTION TO DISMISS IN PART, AND REFERRING MATTER BACK TO ASSIGNED MAGISTRATE JUDGE<br><br>(Doc. Nos. 15, 21) |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff's first amended complaint ("FAC") was screened by the assigned magistrate judge on April 13, 2016, and found to state a claim against defendants Cate and Biter for violating plaintiff's Eighth Amendment rights by knowingly providing plaintiff with drinking water containing elevated levels of arsenic that exceed standards set by the Environmental Protection Agency ("EPA"). (Doc. No. 12.) Thereafter, on August 5, 2016, defendants moved to dismiss plaintiff's complaint. (Doc. No. 15.) On December 14, 2016, the magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss be granted because plaintiff had failed to allege sufficient facts to state a cognizable claim for deliberate indifference.

1

(Doc. No. 21.) These findings and recommendations provided both parties with thirty days in which to file objections thereto. No objections were filed, and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the undersigned has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court declines to adopt the recommendation that defendant's motion to dismiss, brought pursuant to Rule 12(b)(6), be granted. The findings and recommendations rely, in large part, upon decisions reached in similar cases involving deliberate indifference claims by prisoners relating to arsenic levels in the prison water supply. However, most of those decisions were rendered on motions for summary judgment and addressed whether there were genuine disputes of material fact to warrant proceeding to trial in those cases. (*See* Doc. No. 21 at 11–13.) As recognized in the findings and recommendations, the difference in procedural posture between those cases addressed on summary judgment and this one which is before the court on summary judgment is significant. The court generally cannot consider evidence at the pleading stage. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) ("When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond."); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (declining to consider evidence outside the pleadings in deciding a Rule 12(b)(6) motion to dismiss). However, the pending findings and recommendations conclude that "there is no evidence of deliberate indifference on the part of defendants." (Doc. No. 21 at 13.) Plaintiff has no burden to provide evidence at the motion to dismiss stage of the case, and the question here is solely whether plaintiff has pled facts from which the court may conclude that

/////
/////
/////
/////
/////

a claim against the defendants is plausible.[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, the undersigned concludes that plaintiff has made sufficient factual allegations to satisfy the applicable pleading standard.

In this regard, plaintiff alleges in his FAC as follows. Officials at Kern Valley State Prison ("KVSP") tested the drinking water during 2005 and determined it exceeded the maximum contaminant level allowed by the EPA for arsenic. (Doc. No. 9 at 8.) KVSP released further information during 2008 showing the arsenic levels still exceeded the EPA standards. (*Id.* at 9.) Defendant Cate was required to approve changes to procedures or any other construction that would allow the issues with arsenic in the water to be resolved, but failed to do so. (*Id.* at 9–10.) Plaintiff arrived at KVSP in late 2009, at which point the problem with elevated arsenic levels had still not been fixed. (*Id.* at 10.) The medical staff at KVSP noticed Mees' lines on his nails in June 2011, as well as low blood urea nitrogen and creatinine levels. (*Id.* at 11.) Mees' lines are indicative of arsenic poisoning. (*Id.* at 25.) Defendant Biter became warden of KVSP during plaintiff's incarceration there and distributed information in April 2012 indicating that arsenic levels in the water remained elevated. (*Id.* at 12.) Defendants Cate and Biter knew that people who drink water with elevated levels of arsenic over many years may experience an increased risk of cancer and other health problems. (*Id.* at 13.) Nevertheless, they failed to remedy the problem or provide an alternative supply of safe drinking water. (*Id.* at 13–14.) Plaintiff sought medical attention for severe headaches, stomach pain, diarrhea, vomiting, and dark urine in April 2012 and was ultimately hospitalized with cardiac problems. (*Id.* at 14–16.) Plaintiff again noticed

---

[1] Defendants have argued that various documents attached to the FAC—including notices from the prison asserting the arsenic levels were not dangerous, plaintiff's medical records, and general documents concerning arsenic—are evidence the court may consider at the motion to dismiss stage to conclude the arsenic levels at KVSP posed no danger to plaintiff. (Doc. No. 15-1 at 11–12.) These documents may be considered by the court. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001); *Hal Roach Studies, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1155 n.19 (9th Cir. 1989). Nevertheless, the ultimate question on a motion to dismiss is whether plaintiff has alleged sufficient facts to state a plausible claim for relief, drawing all inferences from his allegations in his favor. *Arpin*, 261 F.3d at 923. While the documents attached to the FAC might support an inference that plaintiff did not suffer harm from his exposure to arsenic, the court must draw all reasonable inferences from his factual allegations in his favor. Doing so, the undersigned concludes plaintiff has alleged a cognizable claim here.

| | |
|---|---|
| 1 | Mees' lines in August 2012, though prison medical staff disagreed with his assessment. (*Id.* at |
| 2 | 19–20.) The FAC alleges that many of plaintiff's symptoms are caused by exposure to arsenic. |
| 3 | (*Id.* at 22–26.) |
| 4 | At this early stage of the litigation, the court feels compelled to conclude that known |
| 5 | exposure to elevated levels of arsenic over an extended period of time could be "sufficiently |
| 6 | serious" to constitute a substantial risk to plaintiff's health, especially in light of the |
| 7 | hospitalization and other symptoms plaintiff has alleged he suffered as a result of arsenic in the |
| 8 | water at KVSP.[2] *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Moreover, plaintiff's FAC |
| 9 | alleges defendants Cate and Biter were personally aware of the levels of arsenic in the water, |
| 10 | having issued notices to the prisoners warning them of that issue. It is a plausible inference from |
| 11 | those allegations that defendants, knowing of elevated levels of arsenic in the drinking water and |
| 12 | the risks it posed to plaintiff, "recklessly disregarded [those] risk[s]" by failing to provide |
| 13 | drinking water with safe levels of arsenic while the problem was being remedied. *Id.* at 836. Of |
| 14 | course, this does not mean that plaintiff is likely to prevail on his deliberate indifference claim. |
| 15 | Indeed, for many of the reasons pointed out in the findings and recommendations defendants may |
| 16 | prevail on summary judgment based upon the undisputed material facts once the evidence with |
| 17 | respect to plaintiff's claim is considered by the court. |
| 18 | Defendants here also moved to dismiss the complaint on qualified immunity grounds. |
| 19 | (Doc. No. 15-1 at 14–20.) The findings and recommendations declined to reach the issue of |
| 20 | qualified immunity, having found plaintiff could not state a cognizable Eighth Amendment claim. |
| 21 | (Doc. No. 21 at 14.) The undersigned declines to consider this issue in the first instance and will |
| 22 | refer the matter back to the magistrate judge for further proceedings as necessary. |
| 23 | ///// |

---

[2] The fact that in the allegations of the FAC plaintiff has identified numerous physical health issues he allegedly suffered as a result of exposure to elevated arsenic levels in the water distinguishes the situation presented here from that presented in *Huerta v. Biter*, No. 1:13-cv-00916-AWI-GSA-PC, 2015 WL 1062041 (E.D. Cal. Mar. 10, 2015) *findings and recommendations adopted* 2015 WL 6690042 (E.D. Cal. Oct. 29, 2015). In *Huerta*, the plaintiff failed "to allege any facts indicating that he suffered any ill effects, other than his fear of some future harm." 2015 WL 1062041 at *4.

For all the reasons set forth above:

1. The findings and recommendations issued December 14, 2016 (Doc. No. 21) are not adopted;
2. Defendants motion to dismiss (Doc. No. 15) for failure to state a claim is denied; and
3. The matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **September 21, 2017**

UNITED STATES DISTRICT JUDGE