# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILUS M. VALSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MATTHEW CATE and MARTIN BITER,<br><br>　　　　Defendants. | Case No. 1:14-cv-01420-DAD-EPG (PC)<br><br>ORDER ON PLAINTIFF'S REQUEST FOR ORDER DIRECTING PLAINTIFF'S INSTITUTION OF CONFINEMENT TO ALLOW PLAINTIFF TO MAKE COPIES OF SCHEDULING CONFERENCE STATEMENT<br><br>(ECF NO. 31) |

Silus Valson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On February 26, 2018, Plaintiff filed a request for an order directing his institution of confinement to allow him to make copies of his scheduling conference statement ("the Request"). Plaintiff states that "Senior Law Librarian Ms. . . . Lirone's denial was based on the document contained published documentation from MedlinePlus of the National Institute of Health/U.S. National Library of Medicine." (ECF No. 31, at p. 2)

As discussed on the record at the hearing on March 5, 2018, the documents that Plaintiff describes are not needed for his scheduling conference statement. The Court did not require Plaintiff to submit any evidence for the scheduling conference. Thus, the Court denies Plaintiff's request for an order related to the scheduling conference statement.

However, the Court notes that Plaintiff should be allowed to make copies of documents that he is using to support his case, including documents Plaintiff identified in the Request (the

1

documents from the National Institutes of Health/U.S. National Library of Medicine that Plaintiff obtained from his Freedom of Information Act request to the Department of Health and Human Services), because Plaintiff has an obligation to provide documents that he may use to support his claims in this case to Defendants.  See, e.g., Fed. R. Civ. P. 26 & 34.

Thus, Plaintiff's institution should allow him to make copies of documents necessary for his case.  He has a legal obligation to share those documents with Defendants.

If Plaintiff's institution of confinement does not allow Plaintiff to make copies of documents that are necessary for use in this case, Plaintiff may file a motion with the Court, and the Court may issue an order requiring Plaintiff's institution of confinement to allow Plaintiff to make copies.

Accordingly, based on the foregoing, IT IS ORDERED that the Request is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __**March 6, 2018**__               /s/ *Erin P. Grosjean*
                                                                    UNITED STATES MAGISTRATE JUDGE