1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                      EASTERN DISTRICT OF CALIFORNIA

8

9   | SILUS M. VALSON, | Case No. 1:14-cv-01420-DAD-EPG (PC) |

10  |        Plaintiff, | ORDER GRANTING PLAINTIFF'S |

11  |     v. | MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM |

12  | MATTHEW CATE and MARTIN BITER, | (ECF NO. 47) |

13  |        Defendants. | THIRTY-DAY DEADLINE |

14

15

16        Silus M. Valson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*

17   in this civil rights action pursuant to 42 U.S.C. § 1983.  This case is now proceeding on

18   Plaintiff's First Amended Complaint (ECF No. 9), which asserts an Eighth Amendment claim

19   against defendants Cate and Biter for knowingly providing Plaintiff with water containing

20   elevated levels of arsenic.

21        On August 9, 2018, Plaintiff filed a motion for issuance of a subpoena.  (ECF No. 47).

22   Plaintiff requests documents and electronically stored information from the United States

23   Environmental Protection Agency ("EPA") regarding: 1) All of the EPA's studies showing that

24   long-term exposure to organic arsenic in drinking results in alteration(s) in cardiovascular

25   function(s); 2) The EPA's findings that demonstrate that arsenic stops mitochondrial

26   respiration; and 3) The EPA's findings that demonstrate the adverse health effect exposure to

27   arsenic has on the "circulatory, neurological, and liver problems."

28        "A command in a subpoena to produce documents, electronically stored information, or

                                          1

tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Plaintiff is seeking research that shows the adverse consequences of drinking water contaminated with arsenic. As this case is about Plaintiff's alleged exposure to arsenic information in his drinking water, the documents and electronically stored information Plaintiff is seeking appear to be relevant. However, given the breadth of Plaintiff's request, it appears that the burden and expense of producing the documents and electronically stored information would be high.

Accordingly, while the Court will grant Plaintiff's request for a subpoena directed at the EPA, and will send him a subpoena *duces tecum* (form AO 88B) to complete and return, the Court will also require that Plaintiff limit his requests. For instance, Plaintiff should limit his requests to a particular time period. Additionally, if Plaintiff is aware of any particular reports or studies, he should limit portions of his request to those reports or studies.[1]

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

---

[1] This does not limit the EPA from objecting based on other legal bases. The Court will rule on any such objections after the EPA has responded to the subpoena and Plaintiff files a motion to compel, if he so chooses.

1. Plaintiff's motion for issuance of a subpoena is GRANTED, with the requirement that Plaintiff limit his request for documents and electronically stored information;

2. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285; and

3. Plaintiff has thirty days from the date of service of this order to complete and return form AO 88B and form USM-285.

IT IS SO ORDERED.

Dated:   **August 13, 2018**                    /s/ _Erica P. Grosjean_

                                                 UNITED STATES MAGISTRATE JUDGE