UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILUS M. VALSON,<br><br>    Plaintiff,<br><br>v.<br><br>MATTHEW CATE and MARTIN BITER,<br><br>    Defendants. | Case No. 1:14-cv-01420-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AFFIRM ADMISSIONS AND REQUIRING DEFENDANTS TO RESPOND TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSIONS<br><br>(ECF NO. 48) |

Silus M. Valson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 9, 2018, Plaintiff filed a motion to affirm admissions. (ECF No. 48). Plaintiff requests that the Court treat his second request for admissions as admitted because Defendants refused to respond. Attached to Plaintiff's motion is a letter from Defendants' counsel, stating that Defendants did not need to respond because Plaintiff's second request for admissions was not timely served. Plaintiff admits that he did not serve the second request for admissions before the deadline for serving non-expert discovery requests, but argues that he did not need to serve them before the deadline because requests for admission were not part of that deadline.

Plaintiff's assertion that he did not need to serve his second request for admissions before the deadline set by the Court is incorrect. The Court explicitly stated that the deadline for serving requests for admissions was May 4, 2018. (ECF No. 35, p. 5). As Plaintiff did not

1

timely file his second request for admissions, his motion to affirm admissions will be denied.

However, the Court will require Defendants to respond to Plaintiff's second request for admissions because, under the Court's schedule, it would have been difficult for Plaintiff to timely conduct follow-up discovery (the Court gave the parties approximately two months to serve requests for admissions, while also giving the parties forty-five days to respond to requests for admissions). Additionally, there appears to be no prejudice in requiring Defendants to respond.[1]

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to affirm admissions is DENIED; and
2. Defendants have forty-five days from the date of service of this order to respond to Plaintiff's second request for admissions.

IT IS SO ORDERED.

Dated: **August 13, 2018**

/s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE

---

[1] *See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").